# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Leda Dunn Wettre**
**United States Magistrate Judge**

**Martin Luther King Federal Building**
**& U.S. Courthouse**
**50 Walnut Street**
**Newark, NJ 07101**
**(973) 645-3574**

August 18, 2026

To: All counsel of record

**LETTER OPINION AND ORDER**

Re: *Shamrock Technologies, Inc. v. Illinois Union Insurance Company*,
Civil Action No. 25-105 (JKS) (LDW)

Dear Counsel:

Before the Court is defendant Illinois Union Insurance Company's motion to sever and stay plaintiff Shamrock Technologies, Inc.'s claim for bad faith denial of insurance coverage. (ECF 54, 56). Plaintiff opposes the motion. (ECF 55). For the reasons set forth below, defendant's motion to separately litigate this claim is granted, although bifurcation rather than severance of the claims will be ordered.

This action arises out of defendant's denial of coverage for plaintiff's costs in remediating pollution at three of its Kentucky manufacturing sites. (*See* Amended Complaint, ECF 42, ¶¶ 11, 31–32, 48). Plaintiff's initial Complaint asserted claims for breach of contract and bad faith denial of coverage. (*See* Complaint, ECF 1 at 11–13). In December 2025, the Honorable Jamel K. Semper, U.S.D.J., granted defendant's motion to dismiss plaintiff's bad faith claim, holding that "a plaintiff cannot pursue both a breach of contract and bad faith claim when they are rooted in the same allegations." (ECF 37 at 8 (internal quotations and citations omitted)). The Court gave plaintiff leave to file an amended complaint, which it did in January 2026, reasserting both claims and including new allegations of bad faith. (*See* ECF 38, 42).

Defendant answered the Amended Complaint and filed the instant motion. (*See* ECF 43, 54). Defendant argues that severance of the bad faith claim "reflects the prevailing practice in state and federal courts in New Jersey" and is otherwise justified by the traditional severance factors. (ECF 54-1 at 5, 13–24). Plaintiff counters that the required case-specific analysis of the severance factors requires denial of the motion. (*See* ECF 55 at 12–24).

Separate discovery and trial of coverage and bad faith claims has become the norm since the New Jersey Supreme Court's decision in *Pickett v. Lloyd's*, 131 N.J. 457 (1993). *See Solimine v. Chubb Custom Ins. Co.*, 25-CV-1250 (JKS), 2025 WL 3718747, at *4 (D.N.J. Dec. 23, 2025) (noting severance is now "the prevailing practice" (internal quotations and citations omitted)). *Pickett* held that a claim for bad faith denial of insurance benefits is viable only when the right to coverage is so clear as to not be "fairly debatable." *See Pickett*, 131 N.J. at 473. Under this "fairly debatable" standard, this Court has held that "a plaintiff must establish 'as a

matter of law a right to summary judgment'" on the underlying breach claim as a precondition to pursuing a bad faith claim. *Solimine*, 2025 WL 3718747, at *4 (quoting *Pickett*, 131 N.J. at 473); *see also J. Fletcher Creamer & Son, Inc. v. Hiscox Ins. Co. Inc.*, 19-CV-21638 (MAH), 2020 WL 2899499, at *3 (D.N.J. June 2, 2020) (same). This stringent prerequisite has caused insurers defending both coverage and bad faith claims routinely to seek a stay of the latter until after a summary judgment decision on the former.

Although bad faith claims are thus often stayed until after a decision on coverage, such relief is not automatic. "[T]his Court has refused to adopt a blanket rule that a plaintiff's bad faith claim should be severed in every coverage case," and instead requires a case-specific analysis, which this Court will undertake. *80 Maple Ave LLC v. Harleysville Ins. Co. of N.J.*, 25-CV-2878 (JRA), 2026 WL 1831048, at *3 (D.N.J. June 25, 2026) (internal quotations and citations omitted).

Defendant moves to "sever and stay" the bad faith claim under Federal Rule of Civil Procedure 21. (ECF 54 at 1). Rule 21 allows the Court to sever misjoined claims or parties into a new lawsuit. *See* Fed. R. Civ. P. 21; *see also White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999) ("[I]f claims are severed pursuant to Rule 21 they become independent actions with separate judgments entered in each." (internal quotations and citations omitted)). Similarly, the Court may order that coverage and bad faith claims proceed through discovery and trial separately, but under the same docket number, by bifurcating the claims under Federal Rule of Civil Procedure 42(b). *See* Fed. R. Civ. P. 42 (b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one of more separate [claims]."); *see also J. Fletcher Creamer & Son, Inc.,* 2020 WL 2899499, at *4 (discussing difference between severing and bifurcating bad faith claims).[1] Here, despite moving to "sever and stay" the bad faith claim, defendant does not seem to be seeking true Rule 21 severance; rather, it seems to seek separate discovery and trial of the claims, which can equally be accomplished through bifurcation.

Regardless of whether defendant seeks severance or bifurcation, however, the analysis is the same. "Courts consider the same factors in deciding a motion to sever under Rule 21 as they do in resolving a motion to bifurcate under Rule 42(b)." *Twin City Fire Ins. Co. v. Ovation Fund Servs., LLC*, 18-CV-14944, 2019 WL 1275060, at *2 (D.N.J. Mar. 20, 2019) (internal quotations and citations omitted). These are: "(1) whether the issues sought to be tried separately are significantly different from one another"; "(2) whether the separable issues require the testimony of different witnesses and different documentary proof"; "(3) whether the party opposing the severance will be prejudiced if it is granted"; and "(4) whether the party requesting severance will be prejudiced if it is not granted." *Solimine*, 2025 WL 3718747, at *5 (internal quotations and

---

1 Although many of this Court's opinions granting separate litigation of coverage and bad faith claims are phrased in terms of "severing and staying" bad faith claims until coverage claims have been adjudicated, the Court ordinarily does not order bad faith claims to be filed in a separate lawsuit as is required for severance under Rule 21. As such, the term "sever and stay" seems to be used generically to effect bifurcation rather than Rule 21 severance. *See, e.g., Abiona v. GEICO Indem. Co*., 15-CV-6013 (NLH), 2016 WL 1046791, at *2 n.1 (D.N.J. Mar. 16. 2016) (noting difference between Rule 21 severance and Rule 42(b) bifurcation, and specifically rejecting Rule 21 severance as unnecessary while nevertheless ordering bad faith claims to be "severed" from breach claim).

citations omitted). "The Court has broad discretion" in assessing these factors. *Bayshore Recycling Corp. v. ACE Am. Ins. Co.*, 19-CV-21618 (ESK), 2020 WL 1986484, at *1 (D.N.J. Apr. 27, 2020).

Here, the factors favor bifurcation of plaintiff's bad faith and breach claims.[2] As to the first factor of whether the breach and bad faith claims are significantly different, even if the two claims "involve some factual overlap," they are distinct from one another in important respects. *See Solimine*, 2025 WL 3718747, at *5. Whereas the breach claim simply alleges that defendant's refusal of coverage violated the terms of the policies (ECF 42 ¶ 79), the bad faith claim relies on allegations of procedural deficiencies and "delays in processing the claim." (*Id.* ¶ 103; *see also id.* ¶¶ 88, 89, 96, 99). Indeed, as Judge Semper explained in his Opinion granting defendant's partial motion to dismiss, the two *must* rely on distinct factual assertions because "a plaintiff cannot pursue both a breach of contract and bad faith claim when they are 'rooted in the same allegations.'" (ECF 37 at 8 (quoting *Lewis v. Gov't Emps. Ins. Co.*, 18-CV-5111 (RBK), 2019 WL 1198910, at *3 (D.N.J. Mar. 14, 2019)). Moreover, while the "bad faith claim turns in part on [defendant's] state of mind," an insurer's "intent is wholly irrelevant to" the "straight-forward" question of whether plaintiff was entitled to coverage under the policies. *J. Fletcher Creamer & Son, Inc.*, 2020 WL 2899499 at *5.

With respect to the second factor of whether the claims require different proofs, this case, like most, will "demand different witnesses and documentary proof" for the bad faith and breach claims. *Solimine*, 2025 WL 3718747, at *5 (internal quotations and citations omitted). For instance, as defendant notes, bad faith discovery would likely "require expert witness testimony concerning [defendant's] alleged state of mind and claims handling practices" that would have no bearing on the underlying coverage question. (ECF 54-1 at 17). Plaintiff contends that certain documentary materials—including communications between the parties, claims handling manuals, reinsurance agreements, underwriting guidance, reserves information, and other document retention policies—relate to both claims. (*See* ECF 55 at 14, 20). But while such documents are likely relevant to the bad faith claim, plaintiff has not sufficiently demonstrated that they are relevant to the underlying coverage issue in the breach claim. *See, e.g.*, *J. Fletcher Creamer & Son, Inc.*, 2020 WL 2899499, at *5 (describing documents and communications substantially similar to those plaintiff mentions as "largely irrelevant to the breach of contract claims"); *AIG Specialty Ins. Co. v. Thermo Fisher Scien., Inc.*, 20-CV-13046 (ESK), 2021 WL 2680013, at *6 (D.N.J. June 29, 2021) (similar). Plaintiff also contends that depositions will likely include some crossover testimony pertaining to both claims. (*See* ECF 55 at 18–20). But even if there would "be some limited overlap" in deposition testimony, severance would still be appropriate here given the other differences in the discovery relevant to each claim. *See AIG Specialty Ins. Co.*, 2021 WL 2680013, at *6.

The third factor, which considers the prejudice to plaintiff in severing the claims, likewise

---

2 The Court finds no reason to order Rule 21 severance. The relief defendant seeks—separate discovery and trial of the bad faith claim—is exactly what Rule 42(b) bifurcation requires. And given that the claims must be adjudicated serially, with the breach claim reaching judgment first, severing the claims into separate suits would require coordination between the two cases. This is all better accomplished through case management of a single lawsuit.

weighs in favor of granting the motion. Any prejudice to plaintiff stemming from severance would be limited, as the Court has required discovery to proceed on the breach claim during the pendency of this motion, and plaintiff "will not lose the ability to pursue its bad faith claim" if it obtains summary judgment on the underlying coverage issue. *Spectrum Data Sys., LLC v. State Farm Ins. Co.*, 18-CV-10318 (SCM), 2019 WL 259605, at *3 (D.N.J. Jan. 18, 2019); *see also Ames v. USAA Life Ins. Co.*, 18-CV-9865 (JS), 2018 WL 5634684, at *3 (D.N.J. Oct. 31, 2018). Plaintiff argues it would be prejudiced by the delay involved in "[p]ostponing bad faith discovery." (ECF 55 at 22). But delay alone is insufficiently prejudicial to preclude severance. *See, e.g.*, *Bayshore Recycling Corp.*, 2020 WL 1986484, at *2.

Finally, under the fourth factor, defendant would be prejudiced if severance were denied. Forcing defendant "to litigate plaintiff's bad faith claim now" would require "a significant expenditure of time and money" that would be "needless" if plaintiff's coverage claim is unsuccessful. *Ames*, 2018 WL 5634684, at *3 (internal quotations and citations omitted); *see also Bayshore Recycling Corp.*, 2020 WL 1986484, at *2. Plaintiff makes a general appeal to judicial economy, arguing that severance of "the bad faith claim would prolong this litigation by more than a year." (ECF 55 at 22). But that assumes plaintiff will prevail decisively on its breach claim, showing the right to coverage was not "fairly debatable." *See Solimine*, 2025 WL 3718747, at *4 (quoting *Pickett*, 131 N.J. at 473); *J. Fletcher Creamer & Son, Inc.*, 2020 WL 2899499, at *3. If it does not, any litigation of the bad faith claim will be moot because the claim will be dismissed. Thus, severance would "promote[]" judicial economy "by avoiding potentially expensive and time-consuming discovery on the bad faith claim" if plaintiff does not obtain summary judgment on the coverage claim.[3] *Bayshore Recycling Corp.*, 2020 WL 1986484, at *2.

For the foregoing reasons, defendant's motion to stay Count II of plaintiff's Amended Complaint (ECF 54) is **GRANTED**. However, the Court orders Count II to be **BIFURCATED** for discovery and trial under Federal Rule of Civil Procedure 42(b) rather than severed into a new lawsuit under Rule 21. The Clerk of the Court shall terminate the motion at ECF 54. Within fourteen days of this Order's issuance, the parties shall submit a joint letter explaining what discovery related to plaintiff's breach of contract claim remains outstanding and proposing a schedule for the completion of such discovery. It is **SO ORDERED**.

*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Orig: Clerk
cc: Hon. Jamel K. Semper, U.S.D.J.

3 The Court assumes based on prior caselaw that a party must obtain summary judgment on its coverage claim to pursue a bad faith claim. However, the particular outcome of a coverage claim required to show that the right to benefits was not "fairly debatable" is a dispositive matter within the exclusive authority of the District Judge, and this Opinion should not be construed as having decided that issue.